# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 06-1 Erie |
| | ) | |
| ANTHONY JONES, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

McLAUGHLIN, SEAN J., DISTRICT JUDGE.

Presently pending before the Court is a Motion for Reduction of Sentence [ECF No. 411], as amended [ECF No. 413], filed by Anthony Jones ("Defendant"). The Government has filed a Response, and the matter is now ripe for disposition. For the following reasons, the Motion will be denied.

On January 10, 2006, Defendant and eight others were indicted on conspiracy and drug distribution charges. [ECF No. 1]. Pursuant to a plea agreement, Defendant pled guilty on July 25, 2006 [ECF No. 193] to the conspiracy charge and stipulated that he was criminally responsible for 978.8 grams of powder cocaine and 240.2 grams of cocaine base. [ECF No. 302] p. 17; [ECF No. 191-1] ¶ C.2. Using the Drug Equivalency Tables, the Presentence Investigation Report ("PSR") converted these amounts into a total drug quantity of 4,999.79 kilograms of marihuana. PSR ¶ 18. Pursuant to U.S.S.G. § 2D1.1(c)(3), the base offense level for at least 3,000 kilograms but less than 10,000 kilograms of marihuana was 34. PSR ¶ 18.

At the sentencing hearing on December 5, 2006, we increased the base offense level by four, resulting in a final base offense level of 38, due to the Defendant's leadership role in the drug trafficking conspiracy. [ECF No. 305] pp. 58-60. The offense level was then reduced three levels for acceptance of responsibility, producing a final offense level of 35. *Id*. at p. 60. Defendant's criminal history category was VI, which, when coupled with an offense level of 35, resulted in an advisory guideline range of 292 to 365 months imprisonment. *Id*. at p. 60. Defendant was sentenced to 292 months imprisonment followed by supervised release for five years. *Id*. at pp. 60-72; [ECF No. 254]. On January 17, 2008, the Third Circuit affirmed the sentence imposed by the Court. *United States v. Jones*, 261 Fed. Appx. 412 (3rd Cir. 2008).

On September 9, 2009, Defendant, represented by counsel, filed a Motion for Reduction of Sentence under 18 U.S.C. § 3582(c), based on Amendment 706, the so-called "crack amendment" which became effective November 1, 2007 and was later made retroactive. [ECF No. 348]. Amendment 706 generally reduced the base offense levels in U.S.S.G. § 2D1.1(c) for crack cocaine offenses. *See United States v. Robinson*, 2008 WL 2578043 at *1 (W.D.Pa. 2008). The Motion was unopposed by the Government, and the parties based the calculation of the new guideline range upon the quantity of crack cocaine only, which resulted in an amended offense level of 33. [ECF No. 349]. Combined with a criminal history category VI, this resulted in an advisory guideline range of 235 to 293 months. *Id*. Defendant was sentenced to 235 months imprisonment. *Id*. However, as explained by the Government in its Response to the Defendant's Motion for Reduction of Sentence:

> … At that time, the parties failed to recognize that the quantity of crack cocaine did not drive the original sentencing Guideline range, but rather, the original Guideline was calculated using the Drug Equivalency Tables, combining both the powder and crack cocaine into one quantity of marijuana. A closer look at the earlier Guideline Amendment under the facts of this case reveals that Jones should not have received the earlier reduction, since his Guideline range at that time had in fact not changed. In 2009, the Court found that the amended Guideline offense level was 33, Criminal History Category VI, with a sentencing range of 235 to 293 months. (Doc. 349). Pursuant to 18 U.S.C. § 3582(c), and again, with the consent of the parties, the Court reduced Jones' sentence to 235 months. As discussed below, in light of the earlier, albeit mistaken, reduction of his sentence, Jones is not entitled to additional § 3582(c) relief.

[ECF No. 418] p. 2.

Under § 3582(c)(2), a court may modify a defendant's term of imprisonment if it was "based on a sentencing guideline range that has subsequently been lowered by the Sentencing Commission." Amendment 750 retroactively lowers the base offense levels applicable to crack offenses under § 2D1.1 of the Sentencing Guidelines. In *Dillon v. United States*, __ U.S. __, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010), the United States Supreme Court set forth a "two-step inquiry" for determining whether a reduction of sentence under 18 U.S.C. § 3582(c) is warranted:

> ...At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. Specifically, § 1B1.10(b)(1) requires the court to begin by "determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing. "In making such determinations, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline applications decisions unaffected." *Ibid*.
>
> • • •
>
> At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.

*Dillon*, 130 S.Ct. at 2691-92. If the revised offense guideline range is lower, resentencing is consistent with U.S.S.G. § 1B1.10, and the court proceeds to step two of the *Dillon* analysis. *United States v. Ware*, __ F. Supp. 2d __ 2012 WL 38937 at *4 (E.D.Pa. 2012). "However, if the revised offense guidelines do not have the 'effect of lowering the defendant's applicable guideline range,' a sentencing reduction is not consistent with USSG § 1B1.10, and the Court's inquiry is complete." *Id*. (quoting U.S.S.G. § 1B1.10(a)(2)(B) (2011 ed.)); *see also United States v. Brown*, 370 Fed. Appx. 277, 279 (3rd Cir.) *cert. denied*, __ U.S. __, 131 S.Ct. 202 (2010) (holding that defendant was not entitled to re-sentencing where, even after offense level reduction pursuant to amendment, advisory guideline range did not change); *United States v. Spells*, 322 Fed. Appx. 171, 173 (3rd Cir. 2009) (rejecting argument that a reduction in the base offense level authorized sentence reduction when there was no change in the applicable sentencing range); *United States v. Pena*, 2012 WL 176684 at *2 (E.D.Pa. 2012) (holding that defendant was not entitled reduction of sentence where application of Amendment 750 did not lower sentencing range); *United States v. Torres*, 2011 WL 6330659 at *5 (E.D.Pa. 2011) (defendant not entitled to a sentence reduction where amendment did not lower defendant's applicable guideline range).

Here, Amendment 750 does not have the effect of further lowering the Guideline sentencing range that the Court utilized in reducing the Defendant's sentence on September 9, 2009. As discussed above, at that time it was determined that Defendant's advisory guideline

range was 235 to 293 months. [ECF No. 349]. Now, under the amended Drug Equivalency Tables, the total drug quantity converts to 1053.31 kilograms of marihuana.[1] With 1,053.31 kilograms of marihuana attributable to the Defendant's conduct, the base offense level is 32 (at least 1,000 kilograms but less than 3,000 kilograms). *See* U.S.S.G. § 2D1.1(c)(4). When combined with the other enhancements and reductions made at the time of sentencing, the offense level is 33. An offense level of 33 with a criminal history category VI, produces an advisory guideline range of 235 to 293 months, the exact range utilized by the Court to recalculate the Defendant's sentence in September 2009. [ECF No. 349].

Because the application of Amendment 750 "does not have the effect of lowering the defendant's applicable guideline range", *see* U.S.S.G. § 1B1.10(a)(2)(B) (2011 ed.), the Defendant is not entitled to a further reduction and his Motion for Reduction of Sentence [ECF No. 411], as amended [ECF No. 413], is DENIED.

Signed this 6th day of April, 2012.

                s/ Sean J. McLaughlin
                United States District Judge

cm: All parties of record.

---

[1] Amendment 750 reduced the drug equivalency for crack cocaine from 20 kilograms of marihuana to one gram of crack cocaine, to 3,571 grams of marihuana to one gram of crack cocaine. U.S.S.G. § 2D1.1, comment (n.10(E)) (2011 ed.). The equivalency for cocaine did not change; it remained 200 grams of marihuana to one gram of cocaine. *Id*.